# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONE LEROY EAST, | CASE NO. 1:11-CV-00238-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED |
| v. | |
| J. BELL, et al., | (DOC. 8) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**Findings And Recommendations**

Plaintiff Ebone LeRoy East ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted in forma pauperis status on March 9, 2011.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of court records has revealed that Plaintiff accrued at least three dismissals as malicious, frivolous, or for failure to state a claim as of December 11, 2009. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. §

1

1915(g): *East v. S. Gidcumb, et al.*, No. 5:09-cv-01105-UA-E (C.D. Cal.) (dismissed June 17, 2009 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)); *East v. Pace, et al.*, No. 5:09-cv-01810-UA-E (C.D. Cal.) (dismissed October 1, 2009 pursuant to *Heck*); *East v. San Bernardino County, et al.*, No. 5:09-cv-02224-UA-E (C.D. Cal.) (dismissed December 11, 2009 pursuant to *Heck*); *East v. Hoops*, 5:10-cv-00949-UA-E (C.D. Cal.) (dismissed July 8, 2010 for failure to state a claim); *East v. County of San Bernardino, et al.*, No. 5:10-cv-01108-UA-E (C.D. Cal.) (dismissed September 21, 2010 for failure to state a claim).[1] Plaintiff thus is not allowed to proceed in forma pauperis in this action unless Plaintiff can demonstrate Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). To meet the imminent danger requirement, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff alleges retaliatory actions by Defendants Bell and Durn for giving Plaintiff the wrong razor on April 2, 2010, a razor previously used by an inmate with hepatitis C. An allegation of this single occurrence is insufficient to demonstrate imminent danger of serious physical injury. Plaintiff thus does not qualify for the imminent danger exception.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status be REVOKED; and

3. Plaintiff be orderd to pay the $350.00 filing fee in full within **twenty (20) days**

---

[1] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See*, *e.g.*, *Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011) (same); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011) (same); *see also Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

1        from the date of service of the District Judge's order adjudicating these Findings
2        and Recommendations.  Failure to timely pay should result in dismissal of this
3        action without prejudice.

4    These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

   **Dated:**   **August 10, 2011**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE